...

NICOLETTI HORNIG & SWEENEY
Attorneys for Plaintiff
Wall Street Plaza
88 Pine Street
New York, New York 10005
(212) 220-3830
File No.:    4200068 JFS/JB

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
ALLIANZ GLOBAL CORPORATE & SPECIALTY
as subrogee of
ABEC INC.,

                              Plaintiff,                    Case No.: 11 Civ. 7221 (PAC)

    -against-                                      **AMENDED COMPLAINT**

M/V SAUDI HOFUF, her engines, boilers, etc.,
M/V SAUDI DIRIYAH, her engines, boilers, etc.,
M/V SAUDI ABHA, her engines, boilers, etc.,
THE NATIONAL SHIPPING COMPANY
OF SAUDI ARABIA, AGILITY PROJECT
LOGISTICS, INC, and
DP WORLD UAE REGION FZE,

                              Defendants.
------------------------------------------------------------------x

        Plaintiff, by its attorneys, Nicoletti Hornig & Sweeney, alleges upon information and belief as follows:

        1.     This is a case of admiralty and maritime jurisdiction under 28 U.S.C. § 1333 and an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. The Court has jurisdiction over all non-maritime claims pursuant to 28 U.S.C. § 1367 and 28 U.S.C. § 1332 as those claims form part of the same case or controversy under Article III of the United States Constitution.

        2.     At and during the times hereinafter mentioned, Plaintiff was and now is an insurance underwriter organized and existing under and by virtue of the laws of the State of

Illinois, with an office and principal place of business at 225 W. Washington Street, Suite 2000, Chicago, Illinois. Plaintiff is the duly subrogated insurer of the shipper and owner of the shipments described herein and brings this action on its own behalf and as agent and/or trustee on behalf of and for the interest of all parties who may be or become interested in the said shipments, as their respective interests may ultimately appear, and Plaintiff is entitled to maintain this action.

3. At and during all the times hereinafter mentioned, Defendant The National Shipping Company of Saudi Arabia (hereinafter "NSCSA") was and now is a corporation or other business entity organized and existing under and by virtue of foreign law, with an office and place of business at c/o NSCSA (America) Inc., 400 E. Pratt Street, Suite 400, Baltimore, Maryland and was and now is engaged in business as a common carrier of merchandise by water for hire, and owned, operated, managed, chartered, and/or otherwise controlled the M/V SAUDI HOFUF, the M/V SAUDI DIRIYAH, and the M/V SAUDI ABHA.

4. At and during all the times hereinafter mentioned, the Defendants in rem, the M/V SAUDI HOFUF, the M/V SAUDI DIRIYAH, and the M/V SAUDI ABHA were and now are general ships employed in the common carriage of merchandise by water for hire, and now are or will be during the pendency of this action, within this District and within the jurisdiction of this Honorable Court.

5. At and during all the times hereinafter mentioned, Defendant Agility Project Logistics, Inc. (hereinafter "Agility") was and now is a corporation or other business entity organized and existing under and by virtue of the laws of the State of Texas, with an office and place of business at 15600 Morales Road, Houston, Texas, 77032 and was and now is engaged in business as a carrier, broker, forwarder, non-vessel operating common carrier, and/or

otherwise involved in the transportation of goods, and managed, controlled, forwarded, carried, brokered, delivered, and/or transported the shipments at issue.

6.   At and during all the times hereinafter mentioned, Defendant DP World UAE Region FZE (hereinafter "DP UAE") was and now is a corporation or other business entity organized and existing under and by virtue of foreign law, with an office and place of business at P.O. Box 17000, Dubai, UAE and was and now is engaged in business as a provider of terminal operations, cargo handling, and stevedoring services, and handled, discharged, de-stuffed, and/or unloaded the shipments at issue.

## AS AND FOR A FIRST CAUSE OF ACTION

7.   In or before September, 2010, non-party ABEC Inc. shipped, in good order and condition, certain steel vessels used in the production of pharmaceutical-grade insulin (hereinafter "the shipment"). The shipment was accepted by Defendant Agility in Springfield, Missouri for transport to Jebel Ali, Dubai. The shipment moved domestically from Springfield, Missouri to Houston, Texas, and all or part of the shipment was delivered in Houston by or through Defendant Agility.

8.   In consideration of certain agreed fees or freight charges thereupon paid or agreed to be paid, Defendant Agility further agreed to carry, forward, broker, warehouse, store, transport, and/or safely deliver or arrange for delivery of the shipments to Jebel Ali, Dubai.

9.   On or about September 9, 2010 at the port of Houston, there was shipped by ABEC Inc. and delivered to Defendants NSCSA and the M/V SAUDI HOFUF, as common carriers, the shipment, then being in good order and condition, and Defendants NSCSA and the M/V SAUDI HOFUF then and there accepted said shipment so shipped and delivered to them, and in consideration of certain agreed freight charges thereupon paid or agreed to be paid, agreed

to transport and carry the said shipment to the port of Jebel Ali in Dubai, and there deliver the same in like good order and condition as when shipped, delivered to, and received by them to the consignee Gulf Pharmaceutical Industries Inc. and/or its agent.

10. Thereafter, the M/V SAUDI HOFUF arrived at the port of Jebel Ali, where it and Defendants NSCSA and Agility made delivery of the shipment, but not in like good order and condition as when shipped, delivered to, and received by them, but on the contrary, seriously injured and impaired in value by reason of physical damage, all in violation of Defendants NSCSA's and the M/V SAUDI HOFUF's obligations and duties as common carriers of merchandise by water for hire and in violation of Defendant Agility's obligations and duties as a non-vessel operating common carrier, freight forwarder/common carrier, and/or agent of ABEC Inc.

11. By reason of the premises, Plaintiff has sustained damages, as nearly as the same can now be estimated, no part of which has been paid although duly demanded, in the sum of USD $310,712.39.

**AS AND FOR A SECOND CAUSE OF ACTION**

12. In or before September, 2010, non-party ABEC Inc. shipped, in good order and condition, certain steel vessels used in the production of pharmaceutical-grade insulin (hereinafter "the shipment"). The shipment was accepted by Defendant Agility in Bethlehem, Pennsylvania for transport to Jebel Ali, Dubai. The shipment moved domestically from Bethlehem, Pennsylvania to Baltimore, Maryland, and all or part of the shipment was delivered in Baltimore by or through Defendant Agility.

13. In consideration of certain agreed fees or freight charges thereupon paid or agreed to be paid, Defendant Agility further agreed to carry, forward, broker, warehouse, store, transport, and/or safely deliver or arrange for delivery of the shipments to Jebel Ali, Dubai.

14. On or about September 26, 2010 at the port of Baltimore, there was shipped by ABEC Inc. and delivered to Defendants NSCSA and the M/V SAUDI DIRIYAH, as common carriers, the shipment, then being in good order and condition, and Defendants NSCSA and the M/V SAUDI DIRIYAH then and there accepted said shipment so shipped and delivered to them, and in consideration of certain agreed freight charges thereupon paid or agreed to be paid, agreed to transport and carry the said shipment to the port of Jebel Ali in Dubai, and there deliver the same in like good order and condition as when shipped, delivered to, and received by them to the consignee Gulf Pharmaceutical Industries Inc. and/or its agent.

15. Thereafter, the M/V SAUDI DIRIYAH arrived at the port of Jebel Ali, where it and Defendants NSCSA and Agility made delivery of the shipment, but not in like good order and condition as when shipped, delivered to, and received by them, but on the contrary seriously injured and impaired in value by reason of physical damage, all in violation of Defendants NSCSA's and the M/V SAUDI DIRIYAH's obligations and duties as common carriers of merchandise by water for hire and in violation of Defendant Agililty's obligations and duties as a non-vessel operating common carrier, freight forwarder/common carrier, and/or agent of ABEC Inc.

16. By reason of the premises, Plaintiff has sustained damages, as nearly as the same can now be estimated, no part of which has been paid although duly demanded, in the sum of USD $155,356.19.

## AS AND FOR A THIRD CAUSE OF ACTION

17. In or before October, 2010, non-party ABEC Inc. shipped, in good order and condition, certain steel vessels used in the production of pharmaceutical-grade insulin (hereinafter "the shipment"). The shipment was accepted by Defendant Agility in Springfield, Missouri for transport to Jebel Ali, Dubai. The shipment moved domestically from Springfield, Missouri to Houston, Texas, and all or part of the shipment was delivered in Houston by or through Defendant Agility.

18. In consideration of certain agreed fees or freight charges thereupon paid or agreed to be paid, Defendant Agility further agreed to carry, forward, broker, warehouse, store, transport, and/or safely deliver or arrange for delivery of the shipments to Jebel Ali, Dubai.

19. On or about October 4, 2010 at the port of Houston, there was shipped by ABEC Inc. and delivered to Defendants NSCSA and the M/V SAUDI DIRIYAH, as common carriers, the shipment, then being in good order and condition, and Defendants NSCSA and the M/V SAUDI DIRIYAH then and there accepted said shipment so shipped and delivered to them, and in consideration of certain agreed freight charges thereupon paid or agreed to be paid, agreed to transport and carry the said shipment to the port of Jebel Ali in Dubai, and there deliver the same in like good order and condition as when shipped, delivered to, and received by them to the consignee Gulf Pharmaceutical Industries Inc. and/or its agent.

20. Thereafter, the M/V SAUDI DIRIYAH arrived at the port of Jebel Ali, where it and Defendants NSCSA and Agility made delivery of the shipment, but not in like good order and condition as when shipped, delivered to, and received by them, but on the contrary seriously injured and impaired in value by reason of physical damage, all in violation of Defendant NSCSA's and the M/V SAUDI DIRIYAH's obligations and duties as common

carriers of merchandise by water for hire and in violation of Defendant Agility's obligations and duties as a non-vessel operating common carrier, freight forwarder/common carrier, and/or agent of ABEC Inc.

21. By reason of the premises, Plaintiff has sustained damages, as nearly as the same can now be estimated, no part of which has been paid although duly demanded, in the sum of USD $155,356.19.

## AS AND FOR A FOURTH CAUSE OF ACTION

22. In or before November, 2010, non-party ABEC Inc. shipped, in good order and condition, certain steel vessels used in the production of pharmaceutical-grade insulin (hereinafter "the shipment"). The shipment was accepted by Defendant Agility in Springfield, Missouri for transport to Jebel Ali, Dubai. The shipment moved domestically from Springfield, Missouri to Houston, Texas, and all or part of the shipment was delivered in Houston by or through Defendant Agility.

23. In consideration of certain agreed fees or freight charges thereupon paid or agreed to be paid, Defendant Agility further agreed to carry, forward, broker, warehouse, store, transport, and/or safely deliver or arrange for delivery of the shipments to Jebel Ali, Dubai.

24. On or about November 17, 2010 at the port of Houston, there was shipped by ABEC Inc. and delivered to Defendants NSCSA and the M/V SAUDI ABHA, as common carriers, the shipment, then being in good order and condition, and Defendants NSCSA and the M/V SAUDI ABHA then and there accepted said shipment so shipped and delivered to them, and in consideration of certain agreed freight charges thereupon paid or agreed to be paid, agreed to transport and carry the said shipment to the port of Jebel Ali in Dubai, and there deliver the

same in like good order and condition as when shipped, delivered to, and received by them to the consignee Gulf Pharmaceutical Industries Inc. and/or its agent.

25. Thereafter, the M/V SAUDI ABHA arrived at the port of Jebel Ali, where it and Defendants NSCSA and Agility made delivery of the shipment, but not in like good order and condition as when shipped, delivered to, and received by them, but on the contrary, seriously injured and impaired in value by reason of physical damage, all in violation of Defendants NSCSA's and the M/V SAUDI ABHA's obligations and duties as common carriers of merchandise by water for hire and in violation of Defendant Agility's obligations and duties as a non-vessel operating common carrier, freight forwarder/common carrier, and/or agent of ABEC Inc.

26. By reason of the premises, Plaintiff has sustained damages, as nearly as the same can now be estimated, no part of which has been paid although duly demanded, in the sum of USD $77,678.00

## AS AND FOR A FIFTH CAUSE OF ACTION AGAINST DEFENDANT AGILITY (NEGLIGENCE)

27. Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 through 26 hereof with the same force and effect as though the same were set forth herein in full and at length.

28. By reason of Defendant Agility's negligence in the care, custody, control, shipping, handling, transport, and/or arrangement for transport, the shipments herein were damaged.

29. By reason of Defendant Agility's negligent selection of carriers, the shipments herein were damaged.

30. By reason of the foregoing, the shipments were not delivered in the same good order and condition as when the shipments were entrusted to Defendant Agility.

31. By reason of the premises, Plaintiff has sustained damages, as nearly as the same can now be estimated, no part of which has been paid although duly demanded, in the sum of USD $699,102.77.

## AS AND FOR A SIXTH CAUSE OF ACTION AGAINST DEFENDANT AGILITY (BREACH OF WARRANTY OF WORKMANLIKE PERFORMANCE)

32. Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 through 31 hereof with the same force and effect as though the same were set forth herein in full and at length.

33. As a non-vessel operating common carrier, freight forwarder/carrier, and/or agent of ABEC Inc. and in consideration of certain fees and/or freight charges paid to it, Defendant Agility warranted that it would perform all services in a workmanlike manner.

34. Defendant Agility failed to perform its services with respect to these shipments in a workmanlike manner and thereby breached its warranty of workmanlike performance.

35. By reason of the premises, Plaintiff has sustained damages, as nearly as the same can now be estimated, no part of which has been paid although duly demanded, in the sum of USD $699,102.77.

## AS AND FOR A SEVENTH CAUSE OF ACTION AGAINST DEFENDANT AGILITY

### (BREACH OF BAILMENT)

36. Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 through 35 hereof with the same force and effect as though the same were set forth herein in full and at length.

37. At the time the shipments were damaged, Defendant Agility was acting as a bailee for hire with respect to the shipments.

38. As a bailee for hire with respect to the shipments and acting through its contractors, agents, servants, or sub-bailees, Defendant Agility had a legal duty to safely keep, care for, and deliver the shipments in the same good order and condition as when the same were entrusted to it.

39. As a bailee for hire, Defendant Agility warranted that it would perform its services with reasonable care and in a non-negligent and workmanlike manner.

40. Defendant Agility breached its duties and obligations as a bailee for hire and negligently failed to deliver the shipments in the same good order and condition as when entrusted to it.

41. By reason of the premises, plaintiff has sustained damages in the sum of USD $699,102.77, as nearly as the same can now be estimated.

## AS AND FOR AN EIGHTH CAUSE OF ACTION AGAINST DEFENDANT DP UAE

### (NEGLIGENCE)

42. Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 through 41 hereof with the same force and effect as though the same were set forth herein in full and at length.

43. By reason of Defendant DP UAE's negligence in the handling, discharge, de-stuffing, and/or unloading of the shipments at the port of Jebel Ali, Dubai, the shipments herein were damaged.

44. By reason of the foregoing, the shipments were not delivered in the same good order as when the shipments were entrusted to Defendant DP UAE.

45. By reason of the premises, Plaintiff has suffered damages in the sum of USD $699,102.77, as nearly as the same can now be estimated.

## AS AND FOR A NINTH CAUSE OF ACTION AGAINST DEFENDANT DP UAE (BREACH OF WARRANTY OF WORKMANLIKE PERFORMANCE)

46. Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 through 45 hereof with the same force and effect as though the same were set forth herein in full and at length.

47. As a terminal operator, cargo handler, and/or stevedoring service provider and in consideration of certain fees paid to it, Defendant DP UAE warranted that it would perform all services in a workmanlike manner.

48. Defendant DP UAE failed to perform its services with respect to these shipments in a workmanlike manner and thereby breached its warranty of workmanlike performance.

49. By reason of the premises, Plaintiff has sustained damages in the sum of USD $699,102.77, as nearly as the same can now be estimated.

## AS AND FOR A NINETEENTH CAUSE OF ACTION AGAINST DEFENDANT DP UAE

## (BREACH OF BAILMENT)

50. Plaintiff repeats and re-alleges each and every allegation set forth in paragraphs 1 through 49 hereof with the same force and effect as though the same were set forth herein in full and at length.

51. At the time the shipments herein were damaged, Defendant DP UAE was acting as a bailee for hire with respect to the shipments.

52. As a bailee for hire with respect to the shipments, Defendant DP UAE had a legal duty to safely keep, care for, and deliver the shipments in the same good order and condition as when same were entrusted to it.

53. As a bailee for hire, Defendant DP UAE warranted that it would perform its services with reasonable care and in a non-negligent and workmanlike manner.

54. Defendant DP UAE breached its duties and obligations as a bailee for hire and negligently failed to deliver the shipments in the same good order and condition as when same were entrusted to it.

55. By reason of the premises, Plaintiff has sustained damages in the sum of USD $699,102.77, as nearly as the same can now be estimated.

**WHEREFORE**, Plaintiff prays:

(a) That process in due form of law may issue against Defendants citing them to appear and answer all and singular the matters aforesaid;

(b) That if Defendants cannot be found within this District, then all their property within this District be attached in the sum of USD $699,102.77, with interest thereon and costs, the sum sued for in this Complaint;

(c) That Judgment may be entered in favor of Plaintiff against Defendants for the amount of Plaintiff's damages together with interest and costs and the disbursements of this action;

(d) That process in due form of law according to the practice of this Court in causes of admiralty and maritime claims, may issue against the M/V SAUDI HOFUF, her engines, boilers, etc., the M/V SAUDI DIRIYAH, her engines, boilers, etc., and the M/V SAUDI ABHA, her engines, boilers, etc., and that all persons having or claiming any interest therein be cited to appear and answer under oath, all and singular the matters aforesaid, and that this Court will be pleased to pronounce judgment in favor of Plaintiff for its damages as aforesaid, with interest, costs and disbursements, and that the said vessels may be condemned and sold to pay therefor; and

(e) That this Court will grant to Plaintiff such other and further relief as may be just and proper.

Dated: New York, New York
July 13, 2012

NICOLETTI HORNIG & SWEENEY
*Attorneys for Plaintiffs*

By: _____
James F. Sweeney (JFS-7745)
Wall Street Plaza
88 Pine Street
New York, New York 10005-1801
(212) 220-3830
NH&S File No.: 42000068 JFS/JB

X:\Public Word Files\42\68\LEGAL\AMENDED ABEC COMPLAINT.s.sa.doc