Burke & Parsons
100 Park Avenue
New York NY  10017-5533
(212) 354-3800

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **ALLIANZ GLOBAL CORPORATE & SPECIALTY** as subrogee of ABEC INC., <br><br>                               **Plaintiff,** <br><br>               v. <br><br> M/V SAUDI HOFUF, her engines, boilers, etc., M/V SAUDI DIRIYAH, her engines, boilers, etc., M/V SAUDI ABBA, her engines, boilers, etc., THE NATIONAL SHIPPING COMPANY OF SAUDI ARABIA; AGILITY PROJECT LOGISTICS, INC., and DP WORLD UAE REGION FZE, <br><br>                              **Defendants.** | **VERIFIED ANSWER AND "WITHOUT PREJUDICE" CROSS-CLAIMS** <br><br> 11 CIV 7221 (PAC) <br><br> ECF CASE |

Defendant, DP World UAE Region FZE, by its attorneys, Burke & Parsons, as and for its Answer to the Amended Complaint herein, alleges upon information and belief as follows:

1.  The answering defendant admits the allegations set forth in paragraph 1 of the Amended Complaint.

2.  The answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 2 of the Amended Complaint.

3.  The answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 3 of the Amended Complaint.

4. The answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 4 of the Amended Complaint.

5. The answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 5 of the Amended Complaint.

6. The answering defendant admits that it was and now is a corporation or other business entity organized and existing under and by virtue of foreign law, with an office and place of business in Dubai, UAE and that it was and now is engaged in business as a provider of marine terminal operations, cargo handling, and stevedoring services, but, except as so specifically admitted, it denies the truth of the remainder of the allegations set forth in paragraph 6 of the Amended Complaint.

### ANSWERING PLAINTIFF'S FIRST CAUSE OF ACTION

7. The answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 7 of the Amended Complaint.

8. The answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 8 of the Amended Complaint.

9. The answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 9 of the Amended Complaint.

10. The answering defendant admits that at a certain time in 2010, the M/V SAUDI HOFUF arrived at the port of Jebel Ali, where the ship made delivery of certain cargo but, except as so specifically admitted, the answering defendant denies knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations set forth in paragraph 10 of the Amended Complaint.

11. The answering defendant denies the allegations set forth in paragraph 11 of the Amended Complaint.

### ANSWERING PLAINTIFF'S SECOND CAUSE OF ACTION

12. The answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 12 of the Amended Complaint.

13. The answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 13 of the Amended Complaint.

14. The answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 14 of the Amended Complaint.

15. The answering defendant admits that at a certain time in 2010, the M/V SAUDI DIRIYAH arrived at the port of Jebel Ali, where the ship made delivery of certain cargo but, except as so specifically admitted, the answering defendant denies knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations set forth in paragraph 15 of the Amended Complaint.

16. The answering defendant denies the allegations set forth in paragraph 16 of the Amended Complaint.

### ANSWERING PLAINTIFF'S THIRD CAUSE OF ACTION

17. The answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 17 of the Amended Complaint.

18. The answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 18 of the Amended Complaint.

19.  The answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 19 of the Amended Complaint.

20.  The answering defendant admits that at a certain time in 2010, the M/V SAUDI DIRIYAH arrived at the port of Jebel Ali, where the ship made delivery of certain cargo but, except as so specifically admitted, the answering defendant denies knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations set forth in paragraph 20 of the Amended Complaint.

21.  The answering defendant denies the allegations set forth in paragraph 21 of the Amended Complaint.

**ANSWERING PLAINTIFF'S FOURTH CAUSE OF ACTION**

22.  The answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 22 of the Amended Complaint.

23.  The answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 23 of the Amended Complaint.

24.  The answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 24 of the Amended Complaint.

25.  The answering defendant admits that at a certain time in 2010, the M/V SAUDI ABHA arrived at the port of Jebel Ali, where the ship made delivery of certain cargo but, except as so specifically admitted, the answering defendant denies knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations set forth in paragraph 25 of the Amended Complaint.

26. The answering defendant denies the allegations set forth in paragraph 26 of the Amended Complaint.

### ANSWERING PLAINTIFF'S FIFTH CAUSE OF ACTION

27. The answering defendant repeats and re-alleges each and every admission, denial and denial of knowledge or information set forth in paragraphs 1 through 26 of this Answer with the same force and effect as if herein repeated and set forth at length.

28. The answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 28 of the Amended Complaint.

29. The answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 29 of the Amended Complaint.

30. The answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 30 of the Amended Complaint.

31. The answering defendant denies the allegations set forth in paragraph 31 of the Amended Complaint.

### ANSWERING PLAINTIFF'S SIXTH CAUSE OF ACTION

32. The answering defendant repeats and re-alleges each and every admission, denial and denial of knowledge or information set forth in paragraphs 1 through 31 of this Answer with the same force and effect as if herein repeated and set forth at length.

33. The answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 33 of the Amended Complaint.

34. The answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 34 of the Amended Complaint.

35. The answering defendant denies the allegations set forth in paragraph 35 of the Amended Complaint.

### ANSWERING PLAINTIFF'S SEVENTH CAUSE OF ACTION

36. The answering defendant repeats and re-alleges each and every admission, denial and denial of knowledge or information set forth in paragraphs 1 through 35 of this Answer with the same force and effect as if herein repeated and set forth at length.

37. The answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 37 of the Amended Complaint.

38. The answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 38 of the Amended Complaint.

39. The answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 39 of the Amended Complaint.

40. The answering defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 40 of the Amended Complaint.

41. The answering defendant denies the allegations set forth in paragraph 41 of the Amended Complaint.

### ANSWERING PLAINTIFF'S EIGHTH CAUSE OF ACTION

42. The answering defendant repeats and re-alleges each and every admission, denial and denial of knowledge or information set forth in paragraphs 1 through 41 of this Answer with the same force and effect as if herein repeated and set forth at length.

43. The answering defendant denies the allegations set forth in paragraph 43 of the Amended Complaint.

44. The answering defendant denies the allegations set forth in paragraph 44 of the Amended Complaint.

45. The answering defendant denies the allegations set forth in paragraph 45 of the Amended Complaint.

### ANSWERING PLAINTIFF'S NINTH CAUSE OF ACTION

46. The answering defendant repeats and re-alleges each and every admission, denial and denial of knowledge or information set forth in paragraphs 1 through 45 of this Answer with the same force and effect as if herein repeated and set forth at length.

47. The answering defendant denies the allegations set forth in paragraph 47 of the Amended Complaint.

48. The answering defendant denies the allegations set forth in paragraph 48 of the Amended Complaint.

49. The answering defendant denies the allegations set forth in paragraph 49 of the Amended Complaint.

### ANSWERING PLAINTIFF'S TENTH CAUSE OF ACTION
### (WHICH IS MISDECRIBED AS THE "NINETEENTH
### CAUSE OF ACTION" IN THE AMENDED COMPLAINT).

50. The answering defendant repeats and re-alleges each and every admission, denial and denial of knowledge or information set forth in paragraphs 1 through 49 of this Answer with the same force and effect as if herein repeated and set forth at length.

51. The answering defendant denies the allegations set forth in paragraph 51 of the Amended Complaint.

52. The answering defendant denies the allegations set forth in paragraph 52 of the Amended Complaint.

53. The answering defendant denies the allegations set forth in paragraph 53 of the Amended Complaint.

54. The answering defendant denies the allegations set forth in paragraph 54 of the Amended Complaint.

55. The answering defendant denies the allegations set forth in paragraph 55 of the Amended Complaint.

### FIRST AFFIRMATIVE DEFENSE

56. The Amended Complaint fails to state a claim upon which relief can be granted against the answering defendant.

### SECOND AFFIRMATIVE DEFENSE

57. This Honorable Court lacks personal jurisdiction over the answering defendant.

### THIRD AFFIRMATIVE DEFENSE

58. The answering defendant is exonerated from all liability or the amount of its liability, if any, is limited by the terms and conditions of the applicable tariff(s) governing stevedoring, cargo handling and/or terminal operations at the port and/or location where the carrying vessels were discharged in the United Arab Emirates.

### FOURTH AFFIRMATIVE DEFENSE

59. Without prejudice to the Second Affirmative Defense, the answering defendant is entitled to the benefit of all the defenses and limitations of liability contained in the bills of lading issued for carriage of the cargo at issue in this action pursuant to the provisions in those

bills of lading known as a Himalaya Clause or such other similar provisions in the bills of lading as may be applicable.

### FIFTH AFFIRMATIVE DEFENSE

60. The answering defendant is entitled to the benefit of a presumption that the goods at issue were delivered in good order and condition since neither plaintiff's assured nor the cargo consignee/receiver gave written notice of loss or damage to the answering defendant or its agents within three working days of delivery as required by the bills of lading contracts of carriage and/or the applicable law.

### SIXTH AFFIRMATIVE DEFENSE

61. Any loss or damage to the goods, as alleged in the Amended Complaint, which is denied, arose or occurred without the answering defendant's actual or constructive fault or privity and without the fault or neglect of its agents or servants or anyone for whom the answering defendant was responsible and the answering defendant is not under any liability for any such loss or damage.

### SEVENTH AFFIRMATIVE DEFENSE

62. Any loss or damage to the goods, as alleged in the Amended Complaint, that may have occurred while they were in the possession or custody of the answering defendant, which is denied, arose or resulted from the condition of the goods when delivered to the answering defendant, or from inherent defect, quality or vice of the goods, or insufficient packing, insufficiency or inadequacy of marks, latent defects not discoverable by due diligence, or by act or omission of the shipper or owner of the goods, their agents or representatives, and the answering defendant is not under any liability for any such loss or damage.

**EIGHTH AFFIRMATIVE DEFENSE**

63. Any loss or damage to the cargo at issue, which is denied, occurred or resulted from the acts or omissions of persons, entities or parties for whose conduct the answering defendant is not responsible.

**NINTH AFFIRMATIVE DEFENSE**

64. If plaintiff should be entitled to any recovery, which is denied, such recovery must be computed in accordance with the terms of the governing bills of lading and/or the applicable law and can in no event exceed either $500 per package or $500 per customary freight unit, whichever is applicable.

**TENTH AFFIRMATIVE DEFENSE**

65. Plaintiff and/or its assured and/or the cargo consignee/receiver have failed to properly and fully mitigate the damages alleged in the Amended Complaint.

**AS AND FOR A CROSS-CLAIM AGAINST
CO-DEFENDANTS THE NATIONAL SHIPPING
COMPANY OF SAUDI ARABIA AND
AGILITY PROJECT LOGISTICS, INC., AND
WITHOUT PREJUDICE TO DP WORLD'S DEFENSES,
INCLUDING LACK OF PERSONAL JURISDICTION.**

66. The answering defendant repeats and re-alleges each and every admission, denial, denial of knowledge or information and affirmative defense set forth in paragraphs 1 through 65 of this Answer with the same force and effect as if herein repeated and set forth at length.

67. At all times mentioned in the Amended Complaint, defendant DP World UAE Region FZE was and still is a foreign corporation organized and existing under and by virtue of the laws

of a foreign country, with an office and place of business at LOB 17, Ground Floor, Jebel Ali Free Zone, Dubai, United Arab Emirates.

68. At all times mentioned in the Amended Complaint, defendant The National Shipping Company of Saudi Arabia ("NSCSA") was and still is a foreign corporation organized and existing under and by virtue of the laws of a foreign country, with an office and place of business at c/o NSCSA (America) Inc., 400 E. Pratt Street, Suite 400, Baltimore, Maryland and was and now is engaged in business as a common carrier of merchandise by water for hire, and owned, operated, managed, chartered, and/or otherwise controlled the M/V SAUDI HOFUF, the M/V SAUDI DIRIYAH, and the M/V SAUDI ABHA.

69. At all times mentioned in the Amended Complaint, defendant Agility Project Logistics, Inc. ("Agility") was and still is a foreign corporation organized and existing under and by virtue of the laws of the State of Texas, with an office and place of business at 15600 Morales Road, Houston, Texas, 77032 and was and now is engaged in business as a carrier, broker, forwarder, non-vessel operating common carrier, and/or otherwise involved in the transportation of goods, and managed, controlled, forwarded, carried, brokered, delivered, and/or transported the shipments at issue.

70. If defendant DP World UAE Region FZE is unsuccessful in maintaining its defense that the Court lacks personal jurisdiction over it and if any liability for the damage alleged in the Amended Complaint is adjudged against and imposed upon defendant DP World UAE Region FZE, said defendant is entitled to contribution or indemnity from co-defendants NSCSA and/or Agility, together with costs, disbursements and reasonable attorneys' fees, since any such liability on the part of defendant DP World UAE Region FZE arose or resulted in whole or in part

from the act, omission, fault, neglect, want of due care, breach of bailment, breach of contract and/or breach of implied and/or express warranties on the part of defendants NSCSA and/or Agility, their agents, servants and employees.

WHEREFORE, defendant DP World UAE Region FZE prays that:

1. Judgment be entered dismissing the Amended Complaint herein and awarding the costs and disbursements of this action to defendant DP World UAE Region FZE;

2. In the alternative, judgment be entered in favor of DP World UAE Region FZE over and against co-defendants NSCSA and/or Agility for full indemnity to the extent of any liability of defendant DP World UAE Region FZE to the plaintiff, together with costs, disbursements and reasonable attorneys' fees; or

3. In the alternative, judgment be entered in favor of DP World UAE Region FZE over and against co-defendants NSCSA and/or Agility for the apportionment of any liability assessed against defendant DP World UAE Region FZE; and

4. The Court grant such other and further or different relief as it may deem just and proper.

Dated:   New York NY
         August 2, 2012

BURKE & PARSONS
Attorneys for Defendant
DP World UAE Region FZE

By: /s/ Keith W. Heard
    Keith W. Heard
    100 Park Avenue
    New York NY  10017-5533
    (212) 354-3800
    heard@burkeparsons.com

To:  Nicoletti, Hornig & Sweeney
Attorneys for Plaintiff
Wall Street Plaza
88 Pine Street
New York, NY  10005

Freehill Hogan & Mahar
Attorneys for Defendant
National Shipping Corporation
    of Saudi Arabia
80 Pine Street
New York, NY  10005-1759

Arnall Golden Gregory LLP
Attorneys for Defendant
Agility Project Logistics, Inc.
Suite 2701
Museum Tower
150 West Flagler Street
Miami, FL 33130

O:\CM\9279_DPW\BP_DOC\9279_0013.DOCX